

Signed/Docketed
September 23, 2011

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-13674 MER |
| BARBARA T. BLAKELY ) | |
| A/K/A BARBARA ANN BLAKELY ) | Chapter 13 |
| ) | |
| Debtor. ) | |

### ORDER

THIS MATTER comes before the Court on the:

- *Motion for Summary Judgment* (the "Motion for Summary Judgment") filed the Debtor, Barbara T. Blakely a/k/a Barbara Ann Blakely, the *Objection to Motion for Summary Judgment* (the "Objection to Summary Judgment") filed by the Standing Chapter 13 Trustee, and the subsequent *Reply* ("Reply") thereto filed the Debtor.

  -and-

- *Motion to Abandon* ("Motion to Abandon") filed by the Debtor, Barbara T. Blakely a/k/a Barbara Ann Blakely, and the *Objection to Debtor's Motion to Abandon Property of the Estate* ("Objection to Abandonment") filed by the Standing Chapter 13 Trustee.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as it relates to matters concerning the administration of the estate.

### BACKGROUND

On February 27, 2011, the Debtor, Barbara T. Blakely a/k/a Barbara Ann Blakely (the "Debtor"), filed her voluntary petition under Chapter 13 of Title 11, the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtor's father, Gerald A. Tokle, passed away on February 24, 2011 – three days before the Debtor filed her petition. The Debtor's father left a will, titled "Will of Gerald A. Tokle" executed on April 18, 2007 (the "Will"). A copy of the Will was attached to the Motion for Summary Judgment as an exhibit.

On February 27, 2011, the Debtor filed her Chapter 13 Plan. On April 7, 2011, the Standing Chapter 13 Trustee (the "Trustee") filed her Objection to Confirmation of Chapter 13

Plan based in part on the Debtor's omission of proceeds she received as a beneficiary of her father's estate under the Will, thus failing the "best-interest-of-creditors" test under 11 U.S.C. § 1325(a)(4).[1] Confirmation of that plan was denied on May 2, 2011.

On May 2, 2011, the Debtor filed her Motion to Abandon. She seeks a determination that the Debtor's interest in the Will is protected by the alleged spendthrift clause in the Will and is of no consequential value to her estate as provided in § 554(b).[2]

On May 16, 2011, the Debtor filed her Amended Chapter 13 Plan. On June 14, 2011, the Trustee filed her Objection to Motion to Confirmation of Chapter 13 Plan, again based in part on the Debtor's failure to comply with the "best-interest-of-creditors" test under § 1325(a)(4). This time, however, the Trustee cited the Debtor's omission of the value of her inheritance under the Will in her Chapter 7 Reconciliation. The Debtor's Second Amended Chapter 13 Plan filed on June 16, 2011, addressed other aspects of the Trustee's June 14, 2011 objection, but not the objection based on the Debtor's interest in the Will. Confirmation of that plan was denied on June 26, 2011.

In the meantime, on May 18, 2011, the Trustee filed her Objection to Abandonment asserting the Debtor's interest in the Will constitutes property of the estate. On June 6, 2011, the Debtor filed her Motion for Summary Judgment, requesting a determination the Debtor's interest in the Will is protected by a spendthrift trust under § 541(c)(2) and, thus is not property of the estate. The Trustee filed her Objection to the Motion on July 12, 2011.

On July 11, 2011, the Debtor filed her Third Amended Chapter 13 Plan. The Trustee continues to object, contending not only does the new plan fail to comply with the "best-interest-of-creditors" test, but the Debtor is not committing all her projected disposable income to plan payments.[3]

---

[1] Unless otherwise noted, all future statutory references in the text are to title 11 of the United States Code.

[2] Section 554(b) provides: "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b)

[3] The Court notes the Trustee filed an Objection to Claimed Exemption on July 19, 2011. That objection is based on the Debtor's Amended Schedule C filed June 27, 2011, wherein she claims exemptions based on homestead and spendthrift trust. The Debtor filed her Reply to the Objection on July 26, 2011. Although the substance of the claimed exemption in the Will is identical to that set forth in the Summary Judgment Motion and Motion to Abandon, the Trustee's Objection and the Debtor's Reply are not before this Court for consideration at this time.

## DISCUSSION

### A.  *Motion for Summary Judgment*

Pursuant to FED. R. CIV. P. 56, made applicable to adversary proceedings by FED. R. BANKR. P. 7056, summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[4]  The burden for establishing entitlement to summary judgment rests on the movant.[5]  Summary judgment is not appropriate where a dispute exists as to facts which could affect the outcome of the suit under relevant law.[6]  A genuine dispute over a material fact exists when the "evidence supporting the claimed factual dispute [is] shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[7]  In applying this standard, the Court is to "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."[8]

Based on the parties' pleadings in this matter, the Court finds the narrow legal issue presented by the Motion to Abandon and the Motion for Summary Judgment is whether the Debtor's interest in the Will constitutes bankruptcy estate property.  Section 541 of the Bankruptcy Code defines "property of the estate" and states in relevant part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate.  Such estate is comprised of all the following property, wherever located and by whomever held:
>
>> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.[9]

"The scope of § 541(a)(1) is broad, and includes property of all types, tangible and intangible, as well as causes of actions."[10]  However, § 541(c)(2), referenced in § 541(a)(1),

---

[4] *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Stat-Tech Int'l Corp. v. Delutes (In re Stat-Tech Int'l Corp.)*, 47 F.3d 1054, 1057 (10th Cir. 1995).

[5] *Celotex*, 447 U.S. at 324.

[6] *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289 (1968)).

[8] *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

[9] 11 U.S.C. § 541(a)(1).

[10] *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 & n. 9 (1983).

carves out an exception to the general rule: "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."[11]

Article 8.2 of the Will provides its validity and construction "shall be determined by the laws of Colorado."[12]  In Colorado, only trusts which are enforceable under state law as spendthrift trusts fall within the exception and are excluded from the assets of a bankruptcy estate.[13]  The characteristics of a valid spendthrift trust are as follows:  (1) the  terms of the trust restrain the voluntary or involuntary transfer of the beneficiary's interest; (2) a spendthrift trust which names the settlor as beneficiary is invalid; and (3) the operative issue is the extent of dominion and control a beneficiary possesses over the trust corpus.[14]

As noted by Judge Sidney B. Brooks of this Court:

> To qualify as a spendthrift trust it is appropriate and necessary that the trust instrument contain articulated spendthrift provisions and the trust be administered in a correct and legally sufficient manner.  If the provisions, administration and integrity of a spendthrift trust are disregarded, so too will its status as a special, protected asset of the Debtor.[15]

Here, the Debtor relies solely upon Article 6.4 of the Will for the proposition that a spendthrift trust is created, which provides:

> 6.4  INALIENABILITY: No beneficiary shall have any right to anticipate, sell, assign, mortgage, pledge, or otherwise dispose of or encumber all or any part of any trust estate established for his or her benefit under this instrument.  No part of such trust estate, including income, shall be liable for the debts or obligations of any beneficiary or be subject to attachment, garnishment, execution, creditor's bill, or other legal or equitable process.[16]

---

[11] 11 U.S.C. § 541(c)(2);  *see also Patterson v. Shumate*, 504 U.S. 753, 758 (1992) ("The natural reading of the provision entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law.").

[12] Will, page 7, Article 8.2.

[13] *Peters v. Bryan*, 2010 WL 3894035 (D. Colo. Sept. 29, 2010); *In re Cohen*, 8 P.3d 429 (Colo. 1999).

[14] *In re Alagna*, 107 B.R. 301, 308 (Bankr. D. Colo. 1989) (citing *In re Matteson*, 58 B.R. 909, 911 (Bankr. D. Colo. 1986).

[15] *Id.*

[16] Will, page 4, Article 6.4.

Under the above-cited Colorado law, Article 6.4 does provide an argument in favor of a spendthrift trust inasmuch as it restrains the transfer of a beneficiary's interest.[17] However, Article 6.4 itself does not provide for the creation of such a trust. Specifically, the only provision in the Will which provides for a trust to be created is found in the opening paragraph of Article 6.5:

> 6.5. If any beneficiary to whom my personal representative is directed to distribute any share of my probate estate is under the age of 21 or is, in the opinion of the fiduciary, under any disability which renders such beneficiary unable to administer distributions properly when the distribution is to be made, such fiduciary, in its discretion, acting as trustee, may continue to hold such beneficiary's share as a separate trust until he or she reaches the age of 21 or overcomes the disability, when my trustee shall distribute such beneficiary's trust to him or her.[18]

Thus, Article 6.5 clearly states the creation of a trust under the Will only occurs if the testator dies before any beneficiary reaches the age of 21 or the beneficiary is under a disability which renders such beneficiary unable to administer distributions properly when the distribution is to be made. In paragraph 15 of her Motion for Summary Judgment, the Debtor expressly states she is "over the age of twenty-one and is not disabled nor incompetent"[19] Therefore, any provision pertaining to the creation of a spendthrift trust is moot under the facts of this case.

### B. Motion to Abandon

In light of the foregoing, it is unnecessary to revisit the same analysis of Articles 6.4 and 6.5 in the context of the Motion to Abandon and Objection to Abandonment. The analysis remains the same. There is no spendthrift trust rendering the Debtor's interest in the Will of inconsequential value to her estate as provided in § 554(b).

### CONCLUSION

Accordingly, absent a spendthrift trust created under the narrow circumstances set forth in Article 6.5, circumstances which are not present in this case, §§ 541(c)(2) and 554(b) are inapplicable and the Debtor's interest under the Will is property of the estate under § 541(a).[20]

---

[17] *See Id.*

[18] Will, page 5, Article 6.

[19] Motion for Summary Judgment, P. 2, ¶ 15.

[20] The Court notes both the Debtor and the Trustee raise issues concerning the inferred "intent" of the Debtor's father via the Will. Those matters are not properly before this Court because this Court's jurisdiction in this matter is limited to determining whether the Debtor's interest in the Will is property of the estate under §§ 541(c)(2) and 541(a). Under the United States Supreme Court's ruling in *Stern v. Marshall*, this Court may not address questions of, *i.e.* a testator's intent – such questions are more properly brought before a probate court. *See*

IT IS THEREFORE ORDERED the *Motion for Summary Judgment* filed by the Debtor, Barbara T. Blakely a/k/a Barbara Ann Blakely, is DENIED; and

IT IS FURTHER ORDERED the *Motion to Abandon* filed by the Debtor, Barbara T. Blakely a/k/a Barbara Ann Blakely, is DENIED.

Dated September 23, 2011

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge

---

*Stern v. Marshall*, ___U.S.___, 131 S.Ct. 2594, 2620 (2011) (holding "The Bankruptcy Court ... lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."). The Supreme Court noted litigants must receive a determination from a court of general jurisdiction in "any matter which, from its nature, is the subject of a suit at the common law, or in equity, or in admiralty." *Id.*, 131 S.Ct at 2612 (citing *Murray's Lessee v. Hoboken Land & Improvement Co*, 59 U.S. 272, 284 (1856)) (internal quotation marks omitted).